


**Office of the New York State Attorney General**

**Letitia James Attorney General**

May 7, 2025

**VIA ECF**
Hon. Brenda K. Sannes, Chief U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse NY 13261-7336

      Re: *Alaei v. SUNY Albany*
          *Northern District of New York*
          21-CV-377 (BKS/TWD)

Dear Hon. Judge Sannes:

      This office is in receipt of Plaintiff's recent filing regarding the use of various unrelated deposition transcripts at the trial of this matter. *See* ECF No. 126. Plaintiff's filing was made per the pre-trial order [*id*. 93 p. 5] and the April 30, 2025 conference during which this Court directed Plaintiff to submit his designations of deposition and trial transcripts he intends to offer at trial, including page and line numbers, and the intended use for each portion of testimony. *Id*. April 30, 2025 Text Order.

      Plaintiff's submission fails to comply with this Court's Order in all respects.[1] First, Plaintiff does not set forth the line and page numbers of the testimony he intends to introduce at trial. Instead, Plaintiff sets forth 259 separate instances of his own characterizations/summaries of portions of transcripts. In many instances, Plaintiff sets forth one sentence improperly summarizing multiple pages of testimony. For example, Plaintiff sets forth the following:

> 106. Mr. Stark explained that Chantel Cleary was conducting a Title IX investigation for SUNY Albany concerning Dr. Alaei. (*See* Transcript II p. 69-70)

ECF. No. 126 p. 31[2], ¶ 106.

---

[1] Defense counsel attempted to resolve these issues with Plaintiff's counsel without the need for judicial intervention but was unable to do so.
[2] The page numbers referenced are those produced by the ECF system.

Problematically, Plaintiff does not quote the exact testimony, does not state its intended use, and does not provide line numbers. Instead, Plaintiff summarizes two pages of testimony with one sentence. This happens on multiple occasions throughout the submission and is emblematic of the inadequacy of Plaintiff's "designations." Were the Court to permit such a submission, Defendant would be tasked with reviewing the pages cited to by Plaintiff, cross referencing those pages with Plaintiff's summary/characterization, trying to decipher what portion of those pages Plaintiff may intend to use, and guessing for what purpose. This is an untenable, inefficient, and unfair task. Plaintiff has the burden to designate deposition testimony and establish why any such testimony is admissible at trial. Accordingly, Defendant has the right to file their objections to any deposition testimony Plaintiff intends to use. Plaintiff's improper and inadequate filing prevents Defendant from doing so in an efficient manner and is prejudicial.

Further, Plaintiff sets forth improper argument in his designations. For example Plaintiff states:

> 85.    Despite contradictory testimony from Selchick and Stark, Dr. Rodriguez testified that he did not issue any directives that Dr. Alaei's email access be removed as part of the investigation concerning Dr. Alaei. (*See* Transcript III p. 15 Line 3-6)

ECF. No. 126 p. 28, ¶ 85

Again, such submissions are not designations of any testimony but improper argument. Defendant has acknowledged time and again that sworn statements are fair game for impeachment purposes; this is not that. Plaintiff, in this instance, is attempting to use prior deposition and trial testimony as evidence against other parties, which is impermissible and, as relevant here, does not comply with the Court's direction to provide designations in advance of trial for the sake of efficiency and fairness.

Additionally, Plaintiff cites to deposition testimony from the unrelated Court of Claims action of a party who was not disclosed as a witness in this matter. Plaintiff makes multiple references to a "Mr. Sanai". *Id*. p. 31, ¶¶ 101, 102, 103, 104, 209, 210, 211, 212. This too is improper, as Plaintiff cannot seek to introduce deposition testimony from a party who was not disclosed as a witness in this action.

In sum, Plaintiff's May 6, 2025, submission fails to comply with the Court's Order in all respects. The document fails to properly cite to the portion of the transcripts Plaintiff seeks to use, fails to provide the intended purpose, contains improper argument, summary, and characterizations of testimony, and includes parties who are not trial witnesses and were not disclosed as such. In the ordinary course, Defendant would have raised these issues in its opposition, however, the sheer number of "designations" (259) necessitates these issues be resolved before Defendant's counsel begins preparing a response.

      As a result, Defendant respectfully requests that this Court direct Plaintiff to amend/re-do his submission, identifying specific portions of deposition transcript by page(s) and line(s) with the intended use of the testimony and without any summary or characterization of the testimony, so that Defendant may properly assert objections, and the Court may rule on them. As it currently stands, Defendant is severely prejudiced by Plaintiff's deficient filing and will be at a distinct disadvantage at trial as a result.

      Should the Court be hesitant to issue such an order, Defendant respectfully requests a conference to discuss the issue as soon as possible as trial is rapidly approaching and Defendant is entitled to have all information necessary to adequately prepare its defense.

      Thank you for the Court's prompt attention to this matter.

      Respectfully,

By: _____
David C. White
Assistant Attorney General
Telephone: 518-776-2601
Email: David.White@ag.ny.gov

Cc: All counsel of record (via ECF)